# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JENNIFER AND DERRICK BIBBS,<br><br>    Plaintiffs,<br><br>v.<br><br>1. STATE FARM AND CASUALTY COMPANY,<br>2. CHAD COX, and<br>3. DUSTIN BOOTH,<br><br>    Defendants. | Case No. CIV-17-430-RAW |

## **ORDER**[1]

    Plaintiffs purchased a State Farm homeowner's insurance policy on February 1, 2017, and the home was destroyed in a fire on February 4, 2017. Plaintiffs filed this action in the District Court of Sequoyah County, Oklahoma on May 4, 2017, alleging bad faith and fraud against all Defendants based on the denial of their claim and rescission of their homeowner's policy. Plaintiffs allege that Defendants improperly denied their claim, rescinded their policy, and did not return their total premiums paid. Plaintiffs further allege that Defendants then forced an unrequested renter's policy on them and billed them for the same.[2]

    Defendants filed their Answer on June 30, 2017. Plaintiffs filed a First Amended Petition on August 23, 2017. Defendants filed their Notice of Removal on November 20, 2017, arguing that Plaintiffs have no possibility of recovering against Mr. Cox, the only non-diverse defendant, and that he was fraudulently joined to defeat diversity jurisdiction. Defendants argue that this

---

[1]     For clarity and consistency herein, when the court cites to the record, it uses the pagination assigned by CM/ECF.

[2]     Plaintiffs lived in a home under a lease-to-own arrangement. Docket No. 13-1, at 4.

action is timely removed within one year of the commencement of the action and within thirty days of the date they received a paper "from which it may first be ascertained that the case is one which is or has become removable" and of the date they were able to "intelligently ascertain removability." Specifically, Defendants state that they learned of the removability of this action through the deposition of Plaintiff Jennifer Bibbs that took place on October 23, 2017.

Defendants correctly note that Plaintiffs' Petition does not describe any specific actions taken by Mr. Cox individually, but consistently refers to all three Defendants collectively. Defendants then argue that they ascertained the case was removable when Mrs. Bibbs testified at her deposition that Mr. Cox was not the person who finalized and issued their homeowners insurance policy and that her only interactions with Mr. Cox were when he took her information and provided insurance quotes over the phone or by email.[3] Defendants state that these facts combined with the insufficient allegations in the Petition confirm that there is no possibility of recovery against Mr. Cox.

Now before the court is Plaintiffs' motion to remand [Docket No. 5]. Plaintiffs argue that Defendants removal was untimely and that Mr. Cox was not fraudulently joined.

*Timeliness*

If a case is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is

---

[3] Defendants further argue that Mrs. Bibbs could not articulate how Mr. Cox caused her damage and that Plaintiffs actually increased their personal property contents coverage based on Mr. Cox's advice. These arguments are unpersuasive. Plaintiffs' allegations of damages are not based on the personal property contents coverage, but on the fact that they paid for and were denied coverage for their home.

or has become removable." 28 U.S.C. § 1446(b)(3). Defendants have known since May 4, 2017 that Plaintiffs' Petition does not describe any specific actions taken by Mr. Cox individually, but consistently refers to all three Defendants collectively. Defendants have known since August 23, 2017 that Plaintiffs' First Amended Petition does not describe any specific actions taken by Mr. Cox individually, but consistently refers to all three Defendants collectively.

Mr. Cox was working as a licensed insurance agent in the office of State Farm Agent Dustin Booth from August 2015 until (at least technically)[4] February 10, 2017. Docket No. 13-2, at 3. Defendants are the insurance agents and insurance company. Defendants have the files relating to Plaintiffs' insurance policies. Defendants have at all times had access to the information that Mr. Cox was terminated, that he did not finalize or issue the homeowner's policy at issue, and that his only interactions with Plaintiffs were to take their information and provide insurance quotes. Defendants did not come into new information, but merely confirmation of what they already knew, when they took Mrs. Bibbs deposition. Defendants' counsel have represented Mr. Cox since the commencement of the case. The removal of this action, therefore, was untimely. Additionally, as held below, Defendants have not met their heavy burden of establishing that Mr. Cox was fraudulently joined.

### *Removal and Fraudulent Joinder*

When a civil action is brought in a state court "of which the district courts of the United States have original jurisdiction," the defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Removing defendants bear the burden of establishing jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001). A defendant's "right of removal

---

[4] Defendant Mr. Booth believes he terminated Mr. Cox's employment before Plaintiffs' loss.

cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921).

Defendants removed this action based on diversity jurisdiction, 28 U.S.C. § 1332(a), arguing that although Mr. Cox is not diverse, he was fraudulently joined to defeat diversity jurisdiction. "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013) (citation and internal brackets omitted).

A defendant asserting fraudulent joinder carries a heavy burden of proof. Montano v. Allstate Indem., 211 F.3d 1278 (10th Cir. 2000)(unpublished). District courts are to resolve disputed questions of fact and ambiguities in the controlling law in the plaintiff's favor and then determine whether the plaintiff "has any possibility of recovery against the party whose joinder is questioned." Id. "*This standard is more exacting* than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." Id. (emphasis added).

In cases where a defendant alleges fraudulent joinder, the Tenth Circuit has directed district courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Nerad v. AstraZeneca Pharmaceuticals, Inc., 203 Fed.Appx. 911, 913 (10th Cir. 2006) (citing Dodd v. Fawcett Publ'ns, Inc. 329 F.2d 82, 85 (10th Cir. 1964)). "In doing so, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." Id. "A

4

'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." Id.

While the court is to pierce the pleadings, the court is not to "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967); Dodd, 329 F.2d at 85. Furthermore, the Tenth Circuit is in agreement with the Third Circuit that "[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." Brazell v. Waite, No. 12-4047, 2013 WL 2398893, at *3 (10th Cir. June 4, 2013) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 853 (3d Cir. 1992)).

Defendants are correct that Plaintiffs have no claim against Mr. Cox for bad faith. In Oklahoma, a bad faith claim is cognizable only when the insurer "unreasonably, and in bad faith, withholds payment of the claim of its insured." Claborn v. Washington Nat'l Ins. Co., 910 P.2d 1046, 1051 (Okla. 1996) (citation omitted). "[T]he conduct of the insurer and the agent in selling and issuing the policy, cannot rise to the tort of bad faith of an insurance contract." Id.

Defendants have not established, however, that Plaintiffs have no claim against Mr. Cox for fraud.[5] Defendants argue that Plaintiffs have not alleged with specificity as necessary to support a fraud claim against Mr. Cox. Plaintiffs have not alleged with specificity any of their claims against any of the Defendants. Each of their allegations are made collectively against all

---

[5] Defendants maintain and Plaintiffs do not dispute that in Oklahoma, the elements of fraud are (1) that the defendant made a material misrepresentation that was false or that was made recklessly without any knowledge of its truth and made as a positive assertion, (2) that he made it with the intention that it should be acted upon by plaintiff, and (3) that plaintiff acted in reliance upon it and thereby suffered injury. D&H Company, Inc. v. Shultz, 579 P.2d 821, 824 (Okla. 1978).

5

Defendants. Such an issue could have been the subject of a motion to dismiss in state court, but Defendants did not raise it.

As for the matter before this court, Plaintiffs argue that the actions of Mr. Cox meet all three criteria for fraud. They argue that Mr. Cox made a representation that was at the very least reckless, that he made it with the intention that Plaintiffs would act upon it, and that they acted in reliance upon it and thereby suffered injury. Resolving the disputed questions of fact and ambiguities in the controlling law in Plaintiffs' favor, the court is to determine whether Plaintiffs have "any possibility of recovery against" Mr. Cox. The court finds there is such a possibility. Defendants have not demonstrated actual fraud in the pleading of jurisdictional facts or the inability of Plaintiffs to establish a cause of action against Mr. Cox in state court.

### *Attorney Fees*

Plaintiffs request attorney fees and costs incurred as a result of Defendants' improper removal. The court has discretion to award just costs and actual expenses, including attorney fees, upon remand. 28 U.S.C. § 1447(c). An award of costs and fees is proper under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While Defendants perhaps should have known their removal could be considered untimely, they did not lack an objective reasonable basis for seeking removal. In its discretion, therefore, the court declines to award fees and costs.

*Conclusion*

As the parties are not completely diverse and Defendants have not met their burden of establishing fraudulent joinder, this court lacks jurisdiction. Plaintiffs' Motion to Remand [Docket No. 5] is GRANTED. This action, therefore, is hereby remanded to the District Court of Sequoyah County, Oklahoma.

**IT IS SO ORDERED** this 25th day of January, 2018.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**